## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOWARD LOOMIS, | Case No. CV-04-617-S-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| HERITAGE OPERATING, L.P., | |
| Defendant. | |

## INTRODUCTION

The Court has before it Defendant's Motion in Limine as to Damages (Docket No. 60), Plaintiff's Motion in Limine to Exclude Evidence, Testimony or Comment on Mr. Loomis' Seizure, Suffered Five Months After His Termination (Docket No. 54), and Plaintiff's Motion in Limine to Exclude Evidence, Testimony or Comment on Mr. Loomis' Alleged Threat to the General Public's Safety (Docket No. 55). The Court heard oral argument on the Motions on December 1, 2006 and now issues the following decision.

## ANALYSIS

### I. Heritage's Motion in Limine Re: Damages

Heritage seeks to limit Loomis' damages to the time period between the date

**Memorandum Decision and Order - Page 1**

of his termination and the date he suffered a grand mal seizure.  Heritage argues that even if Heritage violated the ADA by discharging Loomis on March 26, 2004, it is undisputed that once Loomis suffered the seizure, Loomis could no longer perform the essential functions of his job.  Heritage therefore contends that Loomis is not entitled to compensatory damages beyond the date of the seizure.

Heritage relies on *Rooney v. Koch Air, LLC*, 410 F.3d 376 (7th Cir. 2005) and *Taylor v. Airborne Freight Corp.*, 155 F.Supp.2d 287 (E.D. Pa. 2001) for its proposition.  In *Rooney*, the employer learned during discovery that the employee had not had a valid driver's license since 1997, three years before he was terminated.  The court found that at a minimum the after-acquired information could limit recoverable damages.  *Rooney, 410 F.3d at 382*.  Similarly, in *Taylor*, the court did not allow a new trial on the issue of damages based, in part, on the fact that the employee's commercial driver's license had been suspended prior to termination. The court inferred that it was reasonable to consider that fact when determining the amount of damages.  *Taylor, 155 F.Supp.2d at 292*.

Relying on *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), Heritage makes a similar argument that an employer is only required to provide backpay from the date of the unlawful discharge to the date that new information warranting termination is discovered.  In *McKennon*, the court held

**Memorandum Decision and Order - Page 2**

that when an employer terminates an employee for a discriminatory reason, a later-discovered legitimate reason for termination does not immunize the employer from liability.  See *McKennon*, 513 U.S. at 362.  However, such information may be considered in determining the amount of backpay.  See *Id.*

In line with *McKennon*, courts have held that ordinarily a plaintiff who establishes he has been unlawfully terminated is entitled to an award of backpay from the date of the termination until the date of judgment.  However, an employee should not receive a backpay award that reflects payments during time periods in which he would not have been physically able to perform his job.  See *Meling v. St. Francis College*, 3 F.Supp.2d 267, 275-76 (E.D.N.Y. 1998).

The facts here are somewhat distinguishable from *Rooney, Taylor*, and *McKennon*.  In all three of those cases, the after-acquired information related to the plaintiff's pre-termination conduct.  Here, Loomis' seizure occurred on August 26, 2004, six months after Heritage had already terminated Loomis.  However, this distinction does not change the analysis.  As with *Rooney*, *Taylor*, and *McKennon*, the after-acquired information in this case will not affect liability, but it can affect the damages calculation.  As discussed above, an employee should not receive a backpay award that reflects payments during time periods in which he would not have been physically able to perform his job.

**Memorandum Decision and Order - Page 3**

Heritage sets forth evidence that as of the date of the seizure, Loomis could no longer perform his job because he was no longer eligible for a CDL. (See Lindholm depo. at 37; see also Meske depo. at 30-31, Docket No. 79). Loomis has not submitted contrary evidence. Accordingly, the Court will grant the motion as it relates to the ADA and IHRA claims; damages on those claims shall be cut-off as of the date of the seizure. However, the Court may reconsider its decision if Loomis comes forward with evidence that he qualifies for a CDL post-seizure.

Finally, Loomis suggests that he can receive post-seizure damages based on a breach of contract claim. Loomis contends that Heritage breached its contract with Loomis by failing to follow the retention policy in Heritage's employee handbook. Loomis relies on *Harkness v. Burley*, 715 P.2d 1283 (Idaho 1986) for the proposition that the retention policy constitutes a contract between Heritage and Mr. Loomis. In *Harkness*, the Idaho Supreme Court stated that an employee's handbook can constitute an element of a contract, but it did not state that it creates a contract under all circumstances. This issue must be further developed before the Court can issue a ruling. The Court's decision will depend upon whether a contract existed, whether a claim alleging a breach of any such contract was pled and survived summary judgment, and if so, how the Court should measure damages on such a claim. Accordingly, the Court will reserve ruling on whether to

**Memorandum Decision and Order - Page 4**

limit damages on an alleged breach of contract claim.

## II.    Loomis' Motion in Limine Re: Loomis' Seizure

Loomis seeks an order preventing Heritage from introducing evidence, testimony or comment about Loomis' March 26, 2004 seizure. Loomis argues that the seizure is irrelevant, or that even if it is relevant, its probative value is outweighed by unfair prejudice. Only relevant evidence is admissible at trial. See F.R.E. 402. Even relevant evidence is sometimes inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. See F.R.E. 403.

Loomis' seizure is not relevant to the liability phase of this case because the question of whether Loomis could perform his essential job functions for purposes of determining whether he was a qualified individual under the ADA must be assessed at the time of his termination. See *Kaplan v. City of North Las Vegas*, 323 F.3d 1226, 1230 (9th Cir. 2003). However, as suggested above, Loomis' seizure may affect the damages calculation should Loomis prevail on liability. Furthermore, the Court can give the jury limiting instructions on how they can and cannot consider such evidence. Alternatively, the Court will consider bifurcating the trial should the need arise. Accordingly, the Court will deny Loomis' motion, but will consider ways to eliminate improper consideration of the evidence by the

**Memorandum Decision and Order - Page 5**

jury.

### III.   Loomis Motion in Limine Re: Threat to Public

Loomis seeks to prevent Heritage from raising any evidence that Loomis posed a threat to public safety.  Loomis argues that the "direct threat" defense is an affirmative defense that Heritage did not plead.  Heritage counters that it is not necessarily asserting the "direct threat" affirmative defense, which applies where the threat is to other individuals in the workplace.  See [Morton v. United Parcel Service, Inc., 272 F.3d 1249 (9th Cir. 2001)](#).  Instead, Heritage argues that it should not be prevented from introducing evidence that it considered public safety concerns when it terminated Loomis.  Heritage suggests that Loomis' threat to public safety relates to his CDL qualifications under DOT regulations and, in turn, his qualifications under the ADA.

The Court will grant the motion as it applies to evidence regarding the direct threat affirmative defense.  However, the Court will not grant the motion as it relates to introduction of evidence about Heritage's consideration of public safety concerns in its determination to terminate Loomis.  Such evidence and testimony will be subject to the typical relevancy standard at trial.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion

in Limine as to Damages (Docket No. 60) shall be GRANTED in part.  The Court will grant the motion to limit damages on the ADA and IHRA claims to damages incurred prior to Loomis' seizure.  The Court will reconsider its decision if Loomis comes forward with evidence that he qualifies for a CDL post-seizure.  The Court will reserve ruling on whether to limit damages on an alleged breach of contract claim until the matter is further developed.

      IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Exclude Evidence, Testimony or Comment on Mr. Loomis' Seizure, Suffered Five Months After His Termination (Docket No. 54) shall be, and the same is hereby, DENIED.

      IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Exclude Evidence, Testimony or Comment on Mr. Loomis' Alleged Threat to the General Public's Safety (Docket No. 55) shall be, and the same is hereby, GRANTED in part and DENIED in part.  The Court will grant the motion as it applies to evidence regarding the direct threat affirmative defense.  The Court will deny the motion as it relates to introduction of evidence about Heritage's consideration of

**Memorandum Decision and Order - Page 7**

public safety concerns in its determination to terminate Loomis.



DATED: **December 6, 2006**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 8**